UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

SHARON M. DANIELS,

                Plaintiff,

    v.

MARK WADSWORTH, et al.,

                Defendants.

No. CV-09-622-MO

OPINION AND ORDER

**MOSMAN, J.,**

This matter comes before the Court on defendant Morgan Financial, Inc.'s[1] Motion to Dismiss (#41) and defendants Mark and Lindsey Wadsworth's ("the Wadsworths'") Motion to Dismiss (#39). For the following reasons, I GRANT Morgan Financial's Motion to Dismiss; GRANT IN PART AND DENY IN PART the Wadsworths' Motion to Dismiss; and GRANT Plaintiff Sharon Daniels' request for leave to amend her First Amended Complaint.

Defendants argue, and Ms. Daniels concedes, that her first claim under the Truth in Lending Act ("TILA"), 15 U.S.C. §§ 1601-67, and her second claim under ORS 59.925(b) and ORS 59.930 (collectively, "ORS 59"), are barred by their respective statutes of limitation. (Pl.'s Resp. (#50) 2-4; Pl.'s Resp. (#49) 2-4.) I therefore grant Morgan Financial and the Wadsworths' motions and dismiss these claims without prejudice.[2]

---

[1] Morgan Financial is predecessor-in-interest to defendant W.J. Bradley Mortgage Capital Corp.

[2] The Court also notes that, although Ms. Daniels' second claim sounds in fraud, she has not "state[d] with particularity the circumstances constituting fraud or mistake" as required by Federal Rule of Civil Procedure 9(b).

-1-

Morgan Financial and the Wadsworths also move to dismiss Ms. Daniels' third claim, a prayer for declaratory relief. Ms. Daniels seeks a declaratory judgment that the scheduled foreclosure sale of her residence "is invalid and contrary to Oregon law" (First Am. Compl. (#3) ¶ 7.2.) and that "the sales agreements with Wadsworth amount to an equitable mortgage that is superior to the right of the Defendants" (*id.* at ¶ 7.3). If the Court were to grant Ms. Daniels' claim for relief, particularly on the issue of whether the sales agreement is an equitable mortgage, that decision would affect the Wadsworths' legal rights to the property at issue. Therefore, the Wadsworths are properly named as defendants to Ms. Daniels' claim for declaratory relief. Unlike her claims against the Wadsworths, however, Ms. Daniels does not allege any basis for seeking declaratory relief against Morgan Financial. The claim for declaratory relief against Morgan Financial is therefore dismissed.

In response to defendants' motions, Ms. Daniels' asked the Court for leave to replead her claims and remedy the defects identified by defendants' motions to dismiss. Morgan Financial opposes Ms. Daniels' motion, arguing that Ms. Daniels knew about the deficiencies in her complaint before Morgan Financial filed its motion to dismiss. It notes that Ms. Daniels chose to amend her complaint only after Morgan Financial expended time and resources moving to dismiss the complaint. (Def.'s Reply (#54) 6.)

Under Federal Rule of Civil Procedure 15(a)(2), leave to amend shall be freely granted "when justice so requires." Although Morgan Financial's concerns are well-founded, it has not met its burden to show that prejudice to its interests outweighs the liberal policy favoring amendment. *See DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 187 (9th Cir. 1987) (noting that the party opposing leave to amend bears the burden of showing prejudice); *Howey v. United States*, 481 F.2d 1187, 1190-91 (9th Cir. 1973) (observing that delay alone is not sufficient

-3-

grounds to deny a plaintiff leave to amend). Therefore, the Court grants Ms. Daniels leave to amend so that she may plead facts that, if proven, would show that her claims are not time-barred, that she has standing under TILA and the ORS 59, and that defendants' conduct brings them within the reach of TILA and ORS 59.

    IT IS SO ORDERED.

    DATED this  3rd  day of    December   , 2009.

                                  /s/ Michael W. Mosman
                                  MICHAEL W. MOSMAN
                                  United States District Court